**Lawrence P. Cohen (242661967) (LC7886)**
**Lavery, Selvaggi, Abromitis & Cohen**
A Professional Corporation
1001 Route 517
Hackettstown, NJ 07840
Telephone (908) 852-2600
Facsimile (908) 852-8225
Email lcohen@lsaclaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BETH BERANBAUM and MICHAEL BERANBAUM, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum,<br><br>Plaintiffs,<br><br>v.<br><br>NYU GROSSMAN SCHOOL OF MEDICINE RETIREMENT PLAN FOR MEMBERS OF THE FACULTY, PROFESSIONAL RESEARCH STAFF AND ADMINISTRATION; NEW YORK UNIVERSITY, as Plan Administrator of said Plan; TEACHERS' INSURANCE ANNUITY ASSOCIATION; RICHARD A. SIEGEL, an Attorney-at-Law; SCHIFF HARDIN LLP and JOHN DOES 1-10 (fictitious and unknown to Plaintiffs at this time), Individually or as Corporate Entities,<br><br>Defendants. | Civil Action No.<br><br>Civil Action<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiffs Beth Beranbaum and Michael Beranbaum as co-Trustees, pursuant to the First Restatement of the Elliott R. Beranbaum 2013 Declaration of Trust ("Trust") and as co-Executors of the Estate of Elliott R. Beranbaum ("Estate") by and through their attorneys Lavery,

Selvaggi, Abromitis & Cohen, herein files a Complaint against Defendants, NYU Grossman School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff, and Administration ("NYU Grossman Plan"); New York University ("NYU") as Plan Administrator of said Plan; Teachers' Insurance Annuity Association ("TIAA"); Richard A. Siegel, an Attorney-at-Law; Schiff Hardin LLP; and John Does 1-10 (fictitious and unknown to Plaintiffs at this time), individually or as corporate entities, says as follows:

## PARTIES

1. Plaintiff Beth Beranbaum is an adult individual who is bringing this action as a Plaintiff in her capacity as a co-Trustee and co-Executor, as aforementioned, and whose address for said purposes is c/o Lavery, Selvaggi, Abromitis & Cohen, 1001 Route 517, Hackettstown, New Jersey 07840.

2. Co-Plaintiff Michael Beranbaum is an adult individual who is bringing this action as a Plaintiff in his capacity as a co-Trustee and co-Executor, as aforementioned, and whose address for said purposes is c/o Lavery, Selvaggi, Abromitis & Cohen, 1001 Route 517, Hackettstown, New Jersey 07840.

3. Defendant NYU Grossman Plan is the designated retirement plan for employees of NYU Grossman School of Medicine.

4. Defendant New York University as Plan Administrator of said Plan ("NY University").

5. Defendant Teachers' Insurance Annuity Association ("TIAA") is a financial services company which is designated as the sole recordkeeper of the Plan and the provider of the investments for said Plan.

6. Defendant Richard A. Siegel, an attorney-at-law ("Defendant Siegel"), during all

of the times relevant herein, was a member of the Law Firm of Schiff Hardin LLP ("Defendant Schiff Hardin").

7. Defendant Schiff Hardin LLP was and is a law firm located in the City of New York, New York.

8. Defendants John Does 1-10 (fictitious) are individuals or entities whose names are presently unknown to Plaintiffs, but who may have liability or culpability to Plaintiffs, and whose identities may be revealed during the course of discovery.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331, because this is a civil action arising under the laws of the United States, and pursuant to 29 USC §1132(e)(1), which provides for jurisdiction with the District Courts of the United States, brought under Title 1 of ERISA. This Court has personal jurisdiction over Defendants Siegel and Schiff Hardin LLP, in that this action against said Defendants involves claims in excess of $75,000, exclusive of interest and costs; and further, that pursuant to 28 USC §1332, the issues of facts and law are between citizens of different states, *i.e.*, the Trust and the Estate are determined to be citizens of New Jersey, and these Defendants are determined to be citizens of New York; and further, pendent jurisdiction claims granted to this Court when there are other pending claims for which this Court has jurisdiction, pursuant to 28 USC §1367.

10. Venue is proper in this district, pursuant to ERISA §502(e)(2), 29 USC §1132(e)(2), because some or all of the violations of ERISA took place in this district, and the breach of fiduciary obligations owed by Defendants to the Plaintiffs occurred in New Jersey.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Elliott Beranbaum ("Decedent") was a medical doctor and professor of medicine

at NYU Grossman School of Medicine.

12. As such an employee, the Decedent was entitled to participate in the NYU Grossman Plan.

13. The Plan offered various retirement benefits to the participants, including what are known as qualified benefits pursuant to §403(b) of the Internal Revenue Code. As such, those provisions of the Plan were employee benefit plans within the meaning of §3 of ERISA, 29 USC §1002(3)(b).

14. The Administrator of said Plan, Defendant NY University, pursuant to law, acted as a fiduciary of said Plan and owed fiduciary duties to its participants and beneficiaries, including the Decedent and his beneficiaries upon his death.

15. All during his employment, Decedent made periodic contributions to his retirement plans, including his ERISA plan, and his employer made contributions to said plan on his behalf.

16. In 2013, Decedent retired from his employment at NYU Grossman, and elected to continue to be a participant in the Plan, while allowing his investments to be managed by the Plan Administrator and by the financial services company, Defendant TIAA.

17. At the time of his retirement, Decedent had accumulated in excess of $1,500,000 as his value in the ERISA plan.

18. Prior to his retirement, and through the date of his death, Decedent was married to Rose Beranbaum. Decedent's marital status was revealed to the Plan Administrator and the recordkeeper, Defendant TIAA, prior to his retirement.

19. In contemplation of his retirement, Decedent sought advice from legal counsel to obtain an estate plan and prepare any trusts that were necessary as part of the Decedent's estate

plan.

20. Decedent, in 2013, retained the services of Defendant Siegel, who was at that time a member of Defendant Schiff Hardin. Defendant Siegel held himself out as having a legal expertise in estate planning and the creation of documents for estate planning, including preparing and creating trusts.

21. Decedent disclosed his assets to Defendant Siegel, as well as his intentions as to how he wanted his assets divided upon his death.

22. Defendant Siegel, as part of the documents consisting of Decedent's estate plan, prepared and had Decedent execute a document known as the Elliott R. Beranbaum 2013 Declaration of Trust, which was signed and created as of April 9, 2013.

23. At the time of Decedent's consultation and retention of Defendant Siegel in 2013, Decedent was a resident of the City of New York, State of New York.

24. Upon information and belief, at the time that Decedent conferred with Defendant Siegel, he was an attorney licensed to practice in New York and New Jersey.

25. At the time that the Trust was created, Decedent was intending to sell his residence in New York State and move to the State of New Jersey, becoming a resident of said state.

26. At the time that the 2013 Trust was created, Defendant Siegel was aware that Decedent had retirement plans with NYU Grossman, which qualified as §403(b) property under ERISA.

27. The 2013 Trust provided that the beneficiaries, upon the death of the Decedent, would be his spouse, who was allocated 45% of the Trust principal, with the balance of 55% of the Trust principal to be distributed among Plaintiff Beth Beranbaum, his daughter, and Plaintiff

Michael Beranbaum, his son, with additional distributions being made to three grandchildren.

28. The Decedent made it clear to Defendant Siegel that other than his real property which was owned in joint names with his wife and other jointly-held property or death benefits derived from insurance policies or annuities with designated beneficiaries, that all of his remaining assets should pass through the aforementioned trust with the distributions as afore stated, including his qualified retirement plans pursuant to ERISA.

29. In other words, Decedent made clear to Defendant Siegel that the retirement benefits received under the ERISA plan would be bequeathed to the Trust so that 45% of the Trust assets would pass to his wife and 55% would pass to his children and grandchildren.

30. Prior to the execution of the Declaration of Trust, Defendant Siegel provided a letter to the Decedent outlining what said Defendant understood as Decedent's wishes with reference to Decedent's estate plan.

31. In said letter, Defendant Siegel made reference to Decedent's retirement plans, and specifically advised him to execute beneficiary designations, supplying forms for the designation of such beneficiaries.

32. In the aforementioned letter, Defendant Siegel stated as follows: "It is understood that you will sign beneficiary designations for your retirement assets which will mirror the 45/55 split of your trust assets described above."

33. At no time did Defendant Siegel advise Decedent that in order to accomplish the Decedent's wishes of having the retirement benefits, including qualified plans under ERISA, to mirror the distribution pursuant to the Trust, that the same would require a waiver by his then wife, Rose Beranbaum.

34. A copy of the 2013 Trust was submitted to Defendant TIAA.

35. Subsequent to the execution of the Declaration of Trust in April 2013, Decedent moved to and became a resident of New Jersey, with an address of 151 Lake Just-It Road, Blairstown, New Jersey 07825.

36. At the time of the submission of the 2013 Trust to Defendant TIAA, upon information and belief, a waiver executed by Rose Beranbaum was submitted to Defendant TIAA. Said spousal waiver, of which Defendant TIAA was charged with keeping with the records, permitted the distribution of the principal held in Decedent's qualified plans to be disbursed in accordance with Decedent's wishes, i.e., 45% of the total value to be distributed to his widow, and 55% to be distributed to his children and grandchildren.

37. Said spousal waiver was consistent with the confirmation of the designation of beneficiaries for the Decedent's retirement benefits, including his qualified plans pursuant to ERISA, to be distributed pursuant to the provisions of his Trust.

38. In 2016, Decedent decided to amend the 2013 Declaration of Trust.

39. The amendment to the Trust pertained to the distribution of the Trust assets upon the death of the Decedent. Specifically, Decedent amended the Trust to provide for a distribution to his wife, Rose Beranbaum, if she should survive him, in an amount equal to 5% of the Trust principal, with the balance of the 95% to be distributed among his children and grandchildren.

40. Decedent retained Defendant Siegel to prepare what was known as the "First Amendment of the Elliott R. Beranbaum 2013 Declaration of Trust," dated April 9, 2013.

41. Defendant Siegel prepared said Amendment consistent with the Decedent's wishes, which amendment was signed by the Decedent on November 8, 2016.

42. At said time, Defendants did not advise Decedent that he had to determine if a

spousal waiver was filed with reference to his qualified plans.

43. Said First Amendment to the Trust was submitted to Defendant TIAA.

44. Upon the submission of the 2016 First Amendment to the Trust, the Decedent completed another beneficiary designation, designating his Trust to be 100% beneficiary of all of his retirement plans being administered by Defendant NY University, and for which Defendant TIAA was the recordkeeper and the financial advisor.

45. Upon submission of the 2016 First Amendment to the Trust, no additional spousal waiver had to be filed to designate the Trust as being a 100% beneficiary of all of the Decedent's plans filed under Defendant NYU Grossman plan.

46. Defendant TIAA, pursuant to a notification addressed to the Decedent at his New Jersey address, confirmed that the Trust was the sole beneficiary of Decedent's qualified plans.

47. In early 2019, in preparation for his eventual passing, Decedent granted power of attorney over his financial affairs to Plaintiffs.

48. In order to make sure that Decedent's affairs were in order, and at the suggestion of a representative of Defendant TIAA, Plaintiffs attempted to verify that the Trust and Estate were in order, and that the Decedent's wishes for the distribution of his assets upon his death were carried out.

49. Decedent advised Plaintiffs that it was his desire, other than joint property or property for which there was a designated beneficiary, that all of his assets pass through the Trust, with the distribution being 5% to his wife and 95% to his children and grandchildren.

50. In or about September 2019, Plaintiffs had communications with representatives of Defendant TIAA.

51. At that time, Plaintiffs learned for the first time that Defendant TIAA, the official

recordkeeper of the NYU Grossman plan, could not locate the spousal waiver.

52. Representatives of Defendant TIAA advised Plaintiffs that it would never have designated the Trust to be the 100% beneficiary of all of the qualified plans that Decedent had through the NYU Grossman plan without the spousal waiver being in possession of TIAA.

53. Representatives of Defendant TIAA indicated that they had put in a "special request" to see if the Operations Department could find the original document. Representatives also advised Plaintiffs that after a period of time the documents are archived, and after another period of time are purged.

54. Plaintiffs advised representatives of Defendant TIAA that it was inconceivable that TIAA would purge documents that were significant with reference to the disposition of a plan participant's benefits.

55. At the time that Plaintiffs were discussing distribution of the plans with representatives of Defendant TIAA, the representatives suggested that the original Trust documents, together with the First Amendment, be referred to outside legal counsel employed by TIAA to review the Trust documents and determine whether or not the TIAA could treat the Trust as a "look-through trust" under §409(a)(9) of the Internal Revenue Code.

56. Said attorney advised that certain amendments to the Trust should be made and the Decedent, in consultation with the Plaintiffs, had prepared the First Restatement to the Elliott R. Beranbaum 2013 Declaration of Trust, dated April 9, 2013.

57. Said Restatement incorporated the changes suggested by outside counsel for TIAA, which Trust document referred to the Decedent's qualified plans in the NYU Grossman plan, and was signed by the Decedent on November 26, 2019.

58. The Restatement named as the co-Trustees upon Decedent's death, Plaintiffs

herein.

59. The Restatement of Trust designated as beneficiaries 5% of the Trust to Decedent's wife and 95% to his children and grandchildren.

60. A copy of the Restatement of Trust was provided to the TIAA.

61. Decedent died on December 21, 2019, as a resident of Warren County, New Jersey.

62. The spousal waiver was never located by Defendant TIAA, and said Defendant took the position that 50% of the assets in Decedent's qualified plans had to be paid to the Decedent's spouse, Rose Beranbaum.

63. Plaintiffs contested this determination by the TIAA and by the plan administrator, and notified the proper parties that Plaintiffs intended to file an appeal pursuant to the administrative appeal procedures as set forth in the plan. Said appeal consisted of a two-step process.

64. Plaintiffs' administrative appeal was denied and it was determined by the TIAA that Decedent's widow, Rose Beranbaum, was entitled to 50% of the assets of the qualified plans pursuant to ERISA law, since either no spousal waiver was filed or that Defendant TIAA had destroyed the spousal waiver and could not prove that such a waiver was in existence.

65. Plaintiffs objected to distribution of any of the assets of the qualified plan to Decedent's widow, other than the 5% she was entitled to as a beneficiary of the Trust.

66. Despite said objection, Defendant TIAA and the plan administrator, Defendant NY University, paid to Rose Beranbaum the sum of approximately $1,400,000, representing a 50% interest in the assets held under the qualified plan pursuant to ERISA by the Decedent.

67. This distribution was made without notice to the Plaintiffs prior to it being paid to

Rose Beranbaum.

## CAUSES OF ACTION

### COUNT ONE

*(Negligence as Against Defendants NYU Grossman Plan, NY University, and TIAA)*

68. Plaintiffs repeat, reallege, and make a part hereof those allegations contained in the foregoing paragraphs of Plaintiffs' Complaint as if same were set forth at length herein.

69. In the capacity as the administrator of the plan, Defendant NY University, and as the official recordkeeper, Defendant TIAA, owed a duty of care to the Decedent, to the beneficiaries of the Decedent, and to the Trust created by the Decedent, to maintain the proper records, and to assist the Decedent to carry out his intentions with reference to the disposition of his qualified plans.

70. By the conduct as aforementioned, either failing to maintain the spousal waiver, or in the alternative, failing to advise Decedent and Decedent's representatives that said parties could not carry out the intentions of the Decedent without additional action on behalf of Decedent, and further by misleading the Decedent and representing that the Trust was the 100% beneficiary of Decedent's qualified plans, said Defendants breached the duty of care and were negligent.

71. As a result of said breach of the duty of care owed by said Defendants, the Trust has been damaged for at least the amount of $1,400,000, which amount should have been paid to the Trust as the 100% beneficiary of Decedent's qualified plans.

**WHEREFORE,** Plaintiffs Beth Beranbaum and Michael Beranbaum, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum, hereby demand judgment in their favor, and against Defendants NYU Grossman School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff,

and Administration; New York University as Plan Administrator of said Plan; Teachers' Insurance Annuity Association, as follows:

(a) Awarding damages in at least the amount of $1,400,000;

(b) For reasonable attorneys' fees, and costs of suit as may be permitted by law; and

(c) For such other and further relief as this Court may deem just and equitable.

## COUNT TWO
*(Breach of Fiduciary Duty of Defendants NYU Grossman Plan, NY University, and TIAA)*

72. Plaintiffs repeat, reallege, and make a part hereof those allegations contained in the foregoing paragraphs of Plaintiffs' Complaint as if same were set forth at length herein.

73. Defendants NYU Grossman Plan, NY University, and TIAA, pursuant to law, were charged with a fiduciary duty with reference to Decedent's retirement plans which were held by said plan and administered by Defendants NY University and TIAA.

74. By the conduct as aforementioned, either failing to maintain the spousal waiver, or in the alternative, failing to advise the Decedent and Decedent's representatives that said parties could not carry out the intentions of the Decedent without additional action on behalf of Decedent, and further by misleading the Decedent in representing that the Trust was the 100% beneficiary of Decedent's qualified plans, said Defendants breached their fiduciary duty.

75. As a result of said breach of their fiduciary duty owed by said Defendants, the Trust has been damaged for at least the amount of $1,400,000, which amount should have been paid to the Trust as the 100% beneficiary of Decedent's qualified plans.

**WHEREFORE,** Plaintiffs Beth Beranbaum and Michael Beranbaum, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum, hereby demand judgment in their favor, and against Defendants NYU Grossman School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff,

and Administration; New York University as Plan Administrator of said Plan; Teachers' Insurance Annuity Association, as follows:

(a) Awarding damages in at least the amount of $1,400,000;

(b) For reasonable attorneys' fees, and costs of suit as may be permitted by law; and

(c) For such other and further relief as this Court may deem just and equitable.

## COUNT THREE
*(Negligence as Against Defendant Siegel)*

76. Plaintiffs repeat, reallege, and make a part hereof those allegations contained in the foregoing paragraphs of Plaintiffs' Complaint as if same were set forth at length herein.

77. Defendant Siegel, as an attorney having an expertise, owed a duty to the Decedent to represent the Decedent and the Decedent's Trust and estate in a manner which is consistent with the standard of practice accepted under said circumstances.

78. By the conduct as aforesaid, in failing to advise Decedent that he had to ensure that a spousal waiver was filed, said Defendant breached the duty owed to the Decedent, the Trust created by the Decedent, and the estate of the Decedent.

79. Said conduct constitutes negligence by said Defendant.

80. As a result of the negligence of Defendant Siegel and his breach of the duty of care, the Trust has been damaged for at least the amount of $1,400,000, which amount should have been paid to the Trust as the 100% beneficiary of Decedent's qualified plans.

**WHEREFORE,** Plaintiffs Beth Beranbaum and Michael Beranbaum, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum, hereby demand judgment in their favor, and against Defendant Richard A. Siegel, an attorney-at-law, as follows:

(a) Awarding damages in at least the amount of $1,400,000;

(b)     For reasonable attorneys' fees, and costs of suit as may be permitted by law; and

(c)     For such other and further relief as this Court may deem just and equitable.

## COUNT FOUR
*(Professional Malpractice as to Defendant Siegel)*

81. Plaintiffs repeat, reallege, and make a part hereof those allegations contained in the foregoing paragraphs of Plaintiffs' Complaint as if same were set forth at length herein.

82. The conduct of Defendant Siegel as aforementioned constituted a breach of the duty owed to the Decedent, the Decedent's Trust and estate, constitutes deviations from accepted standards of practice, resulting in professional malpractice being committed by Defendant Siegel.

83. As a result of the aforesaid professional malpractice and deviations from accepted standards of practice and care, the Trust has been damaged for foreseeable financial damages at the time of the acts committed by Defendant Siegel.

**WHEREFORE,** Plaintiffs Beth Beranbaum and Michael Beranbaum, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum, hereby demand judgment in their favor, and against Defendant Richard A. Siegel, an attorney at law, as follows:

(a)     Awarding damages in at least the amount of $1,400,000;

(b)     For reasonable attorneys' fees, and costs of suit as may be permitted by law; and

(c)     For such other and further relief as this Court may deem just and equitable

## COUNT FIVE
*(Vicarious Liability as Against Defendant Schiff Hardin)*

84. Plaintiffs repeat, reallege, and make a part hereof those allegations contained in the foregoing paragraphs of Plaintiffs' Complaint as if same were set forth at length herein

85. At all times during Defendant Siegel's actions and conduct on behalf of the Decedent, he was a partner, member, shareholder, and/or employee of Defendant Schiff Hardin, a law firm located in the City of New York, State of New York.

86. Defendant Schiff Hardin is liable to the Plaintiffs herein on the basis of Defendant Siegel's actions on its behalf and/or on the basis of the Doctrine of *Respondeat Superior*.

87. As a result of the aforesaid negligence, professional malpractice and deviations from accepted standards of practice and care of Defendant Siegel, as a representative of Defendant Schiff Hardin, the Trust has been damaged for foreseeable financial damages at the time of the acts committed by Defendant Siegel.

**WHEREFORE**, Plaintiffs Beth Beranbaum and Michael Beranbaum, as Co-Trustees of the Elliott R. Beranbaum 2013 Declaration of Trust and as Co-Executors of the Estate of Elliott R. Beranbaum, hereby demand judgment in their favor, and against Defendant, Schiff Hardin LLC, as follows:

  (a) Awarding damages in at least the amount of $1,400,000;

  (b) For reasonable attorneys' fees, and costs of suit as may be permitted by law; and

  (c) For such other and further relief as this Court may deem just and equitable

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no party who should be joined

in this action.

## CERTIFICATION OF MAILING

I hereby certify that the within Complaint was filed with the appropriate Court in a timely manner consistent with the Rules of Court.

## REDACTION CERTIFICATION

I certify that confidential personal identifiers, if any, have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with the Rules of Court.

Dated:  April 13, 2021

                                                         /s/ *Lawrence P. Cohen*
                                       **Lawrence P. Cohen, Esq. (242661967) (LC7886)**
                                       **Lavery, Selvaggi, Abromitis & Cohen**
                                       A Professional Corporation
                                       1001 Route 517
                                       Hackettstown, NJ 07840
                                       (908) 852-2600
                                       lcohen@lsaclaw.com